UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                            CRIMINAL ACTION

VERSUS                                              NO. 14-69 MAG

KEITH ALDEN KEMBA GODWIN

## ORDER AND REASONS ON MOTION

This is an extradition proceeding pursuant to 18 U.S.C. § 3181 et seq., in which the government of Curaçao seeks defendant's surrender and return to that country in connection with his alleged involvement in murder. Defendant is currently detained provisionally, pending the extradition hearing itself, which is scheduled for November 3, 2014. Defendant's Motion to Dismiss Extradition Petition and Release Mr. Godwin is pending before me in this matter. Record Doc. No. 15. The United States has filed a timely opposition memorandum in response to the motion. Record Doc. No. 18. Defendant was granted leave to file a reply. Record Doc. Nos. 20, 21, 22. Having considered the written submissions of the parties, the record and the applicable law, IT IS ORDERED that the motion is DENIED for the following reasons.

Defendant principally argues that the evidentiary submissions of the government of Curaçao fail to comply with the applicable extradition treaty because they do not establish that defendant "is currently **charged** with any crime" and do not present the "legally requisite" documentation. Record Doc. No. 15 at p. 2 (emphasis in original). Defendant also argues that the evidentiary submissions of the government of Curaçao assert only

*"mere suspicion"* of defendant's complicity in the subject murder, which is not legally sufficient to support either his arrest or extradition under the more stringent and ultimately applicable probable cause standard. Id. at pp. 8-12 (italics in original). Defendant requests that the court "find that [Curaçao's] submissions, thus far, do not satisfy the dictates of its Treaty Obligations" and that he be released from detention. Id. at p. 12 (emphasis added). I do not accept defendant's arguments because they unreasonably parse the evidentiary submissions of the government of Curaçao, construing them without regard to their overall context and import, while overstating this court's role and authority.

The court's role in the international extradition process is limited. The court's task is merely that it

> certifies to the Secretary of State that the fugitive may be detained and surrendered to the requesting country and forwards all the evidence taken before [the court] to the [United States] Secretary of State. 18 U.S.C. § 3184; Ntakirutimana v. Reno, 184 F.3d 419, 422 (5th Cir. 1999). . . . "The ultimate decision to extradite is a matter within the exclusive prerogative of the Executive [branch] in the exercise of its powers to conduct foreign affairs." Escobedo v. United States, 623 F.2d 1098 (5th Cir. 1980). Thus, the executive branch, through the Secretary of State, is the final arbiter of whether an individual will be detained in the United States and delivered to the requesting foreign country. See 18 U.S.C. § 3186; see also Garcia-Guillern v. United States, 450 F.2d 1189, 1192 (5th Cir. 1971).

In re Extradition of Bonilla, No. 1:13-MJ-62, 2014 WL 934903, at *2 (E.D. Tex. Mar. 4, 2014) (emphasis added). The court fulfills its limited function by conducting a "hearing [that] determines only whether circumstances warrant certification that the respondent is

eligible for extradition." Id. at *3 (emphasis added).  Evidentiary factors relevant to the court's determination include:

> 1. Personal and subject matter jurisdiction; 2. Existence of a valid extradition treaty between United States of America and foreign requesting state; 3. <u>Required documents</u> presented in accordance with United States law, translated and duly authenticated by a United States consul; 4. <u>Pending criminal charge</u> in foreign requesting state; 5. Offense charged is extraditable; 6. Offense charged satisfies requirement of double criminality; 7. Respondent is person sought; and 8. <u>Probable cause</u>.

Id. at *4 (emphasis added).  Defendant's arguments in support of dismissal of the petition touch upon the three emphasized factors.

I conclude that the documentation submitted by the Government of Curaçao provides a legally sufficient basis for the institution and continuation of these extradition proceedings and that pre-hearing dismissal of the petition and release of defendant as sought by this motion are unwarranted.  In compliance with 18 U.S.C. § 3184, the Government of Curaçao has presented this court with a detailed, sworn investigation report summarizing its evidence and constituting its criminal complaint against defendant. Record Doc. No. 14-1 at pp. 10-20.  As he is empowered to do under Article 74 of the Code of Criminal Proceedings applicable in Curaçao, id. at p. 30, the Curaçao Public Prosecutor has issued a murder/manslaughter arrest warrant for defendant based upon the sworn investigation report of two "reporting officers" of the "Korps Politie Curaçao (Curaçao Police Force)."  Record Doc. No. 14-1 at pp. 10, 27.  This procedure under Curaçao law mirrors the same procedure for charging a criminal offense and commencing criminal

proceedings against a defendant by a law enforcement officer's sworn criminal complaint and issuance of a warrant under United States law. Fed. R. Crim. P. 3 and 4. Thus, the documentation presented thus far is sufficient under Section 3184 in that, read as a whole, it constitutes a "complaint made under oath, charging any person found within [this court's] jurisdiction, with having committed within the jurisdiction of any such foreign government any of the crimes provided for by such treaty or convention."

The fact that some of the submissions of the Government of Curaçao use the language of "suspicion," as opposed to probable cause, is of no moment for present purposes of deciding this pre-hearing motion to dismiss. Probable cause is the standard that this court will apply when it ultimately determines what it should certify to the United States Secretary of State in connection with this extradition petition. However, that determination is appropriately made <u>at or shortly after the upcoming hearing</u> scheduled for November 3rd. An "extradition hearing is akin to a preliminary hearing under Federal Rule of Criminal Procedure 5.1." <u>In re Extradition of Vargas</u>, 978 F. Supp. 2d 734, 747 (S.D. Tex. 2013). Such a hearing "is not a trial on the merits to determine whether the accused is guilty or innocent of the underlying criminal allegations." <u>Id.</u> (citing <u>Escobedo</u>, 623 F.2d at 1102 n.5; <u>Sayne v. Shipley</u>, 418 F.2d 679, 685 (5th Cir. 1969)). However, in making a probable cause determination, "courts apply a totality of the circumstances analysis and make a practical common sense decision whether, given all the circumstances, there is a fair probability that the defendant committed the crime." <u>Id.</u> at 747-48 (quotations and

citations omitted).  At a preliminary hearing, as at the scheduled extradition hearing in this case, defendant may challenge the prosecution's evidence and will be offered an opportunity to introduce evidence of his own for the court's consideration.  Fed. R. Crim. P. 5.1(e).  Only then will this court make a determination of probable cause, based upon its own evaluation of the evidence, regardless of the language employed or any characterization of that evidence by the parties.  Making that determination on these motion papers at this time, rather than after the extradition hearing itself, would be premature.

For all of the foregoing reasons, defendant's motion to dismiss the extradition petition is denied.

New Orleans, Louisiana, this \_\_\_9th\_\_\_ day of October, 2014.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE